# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C. CHATMAN,<br><br>         Plaintiff,<br><br> v.<br><br>SUPER 8 MOTEL COMPANY, *et al.*,<br><br>         Defendants. | Case No. 3:18-cv-00213-BAS-NLS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2)**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

  Plaintiff Eric C. Chatman, proceeding pro se and incarcerated at California Substance Abuse Treatment Facility ("SATF"), in Corcoran, California, initiated this civil rights action by filing a Complaint pursuant to 42 U.S.C. § 1983 in the Eastern District of California on January 26, 2018. (*See* ECF No. 1.)

  Plaintiff did not prepay the $400.00 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead filed a Motion to Proceed In Forma Pauperis ("IFP"). (*See*

ECF No. 2.) On January 30, 2018, the Honorable Stanley A. Boone, United States Magistrate Judge, found venue was improper in Eastern District, and transferred the case to this Court pursuant to 28 U.S.C. § 1406(a). (*See* ECF No. 3.) Judge Boone did not rule on Plaintiff's Motion to Proceed IFP, nor did he screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) or § 1915A prior to transfer. (*Id.* at 2.)

## I.    Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.00.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner at the time of filing, even if he is granted leave to proceed IFP, he remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of twenty percent of (a) the

---

[1]    In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $50.00. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at twenty percent of the preceding month's income, in any month in which his account exceeds $10.00, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report showing his available balance and trust account activity at SATF. (*See* ECF No. 2 at 4); 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L. R. 3.2; *Andrews*, 398 F.3d at 1119. This statement shows while Plaintiff had $100.33 deposited to his account over the six-month period immediately preceding the filing of his Complaint, he had an *available* balance of zero at the time of filing. (*See* ECF No. 2 at 4.)

Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, and will assess no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The Court will further direct the Secretary of the CDCR, or his designee, to instead collect the entire $350.00 balance of the filing fee required by 28 U.S.C. § 1914 and forward installments payments to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

**II.** *Sua Sponte* **Screening Pursuant to 28 U.S.C. § 1915(e)(2)**

    **A.**     **Standard of Review**

If a prisoner's complaint "seeks redress from a governmental entity or officer or employee of a governmental entity," the Court "shall review" the pleading "as soon as practicable after docketing," and "dismiss the complaint, or any portion of the complaint, if [it] . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1); *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014). Here, Plaintiff seeks to sue the Super 8 Motel Company, and one of its motels in Oceanside, California, because he was "robbed and jumped" by four unidentified persons, whom he claims were selling drugs on its premises. (*See* ECF No. 1 at 3-6.) Plaintiff does not seek redress from or name any governmental actors or entities as defendants. (*Id.* at 1-2.)

Therefore, section 1915A(a)'s screening provisions do not apply. *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) ("Section 1915A mandates early review . . . for all complaints 'in which a prisoner seeks relief from a governmental entity . . . .'") (quoting § 1915A(a)); *see also Thompson v. Hicks,* 213 Fed. Appx. 939, 2007 WL 106785 at *3 (11th Cir. 2007) (noting that because a private defendant was not a "governmental entity" as described in § 1915A, prisoner's complaint as to that defendant was not subject to dismissal under § 1915A.)

However, because Plaintiff is proceeding IFP, his Complaint *is* still subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a "governmental entity." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to

state a claim."). The purpose of section 1915's screening provisions is "'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

### B. Plaintiff's Allegations

As noted above, Plaintiff's Complaint seeks $880 million in damages, "plus 88 motels" and "attorney's fees if [he] gets one," from the Super 8 Motel Company and one of its motels in Oceanside, California, based on claims that he was "jumped," while "working hard" recycling, robbed of $25.00 and "hit lots of times" by "4 guys" whom he alleges were selling drugs on motel property. (*See* ECF No. 1 at 3-4.) He asserts no federal jurisdictional basis for his claims, but claims he "could've died" from the "excessive force." (*Id.* at 6.)

### C. Discussion

A preliminary review of Plaintiff's Complaint shows that his claims are subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they are duplicative of those raised, and already dismissed, in another civil action he filed in the Southern District of California in December 2017. *See Chatman v. Super 8 Motel.*, S.D. Cal. Civil Case No. 3:17-cv-02517-DMS-JMA ("*Chatman I*") (ECF No. 1). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii) [formerly § 1915(d)] if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations omitted).

In *Chatman I*, Plaintiff alleged, as he does in this case, that the Super 8 Motel in Oceanside, California, was liable for injuries he sustained as the result of being "jumped and robbed" "by a few guys" while he was recycling on its property. *See* Complaint at 4-6, *Chatman I*, ECF No. 1. On February 15, 2018, Judge Sabraw granted Plaintiff leave to proceed IFP in *Chatman I*, but *sua sponte* dismissed his case for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*See* Order, *Chatman I*, ECF No. 9.) Judge Sabraw also denied Plaintiff leave to file an amended pleading in that case, finding amendment would be futile. (*Id.* at 8-9.)

Because Plaintiff's current Complaint alleges the same facts, is based on the same incident, and re-alleges the same claims against the same corporate defendant as did his previously-filed pleadings in *Chatman I*, the Court must dismiss this duplicative and subsequently-filed civil action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Cato*, 70 F.3d at 1105 n.2; *Nordstrom*, 762 F.3d at 920 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, [the court] examine[s] whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## III.    Conclusion

Accordingly, the Court:

(1)    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

(2)    **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350.00 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10.00 pursuant to 28 U.S.C. § 1915(b)(2), noting that

1  *all payments shall be clearly identified by the name and number*
2  *assigned to this action*;

3  (3)  **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott
4       Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California,
5       94283-0001;

6  (4)  **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C.
7       § 1915(e)(2)(B)(ii), and **DENIES** leave to amend as futile, *see Rosati*
8       *v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not
9       required if it is "absolutely clear that the deficiencies of the complaint
10      could not be cured by amendment.") (internal citations omitted); *Lopez*,
11      203 F.3d at 1127 n.8 (noting that if claims are frivolous, "there is by
12      definition no merit to the underlying action and so no reason to grant
13      leave to amend.");

14  (5)  **CERTIFIES** that an IFP appeal from this Order would also be
15      frivolous, and therefore not taken in good faith pursuant to 28 U.S.C. §
16      1915(a)(3), *see Coppedge v. United States*, 369 U.S. 438, 445 (1962);
17      *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent
18      appellant is permitted to proceed IFP on appeal only if appeal would
19      not be frivolous); and

20  (6)  **DIRECTS** the Clerk of Court to close the file.
21       **IT IS SO ORDERED**.

23  **DATED:  February 20, 2018**

Hon. Cynthia Bashant
**United States District Judge**